IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RONNIE BROWN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| VS. | : | **7 : 05-CV-56 (HL)** |
| | : | |
| JAMES CROSBY, Secretary of the Florida | : | |
| Department of Corrections, and | : | |
| THURBERT E. BAKER, Attorney General, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on May 31, 2005.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner pled guilty to burglary in the Superior Court of Cook County on August 22, 2000. Petitioner was sentenced to twenty (20) years, serve ten (10). The petitioner did not pursue a direct appeal. On May 11, 2001, the petitioner filed a state habeas petition. By order dated June 23, 2003, the state habeas court denied relief, and the Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on January 21, 2004, completing collateral review.

The court notes that the tolling provision of § 2244(d)(2) does not protect the petitioner herein. The petitioner did not file a direct appeal of his conviction, making it final on or about September 21, 2000, the date on which the 30-day period for filing a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from September 21, 2000, in which to file this federal petition, or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was filed on May 11, 2001, after the passage of 232 days of the one year limitations period. Following the conclusion of collateral review on January 21, 2004, the petitioner had 133 days in which to file this federal petition. However, the petitioner waited more than one (1) year, until April 27, 2005, to sign and presumably submit his federal petition for mailing, which was not filed until May 31, 2005. The petitioner's filing of this federal petition, which the court will assume took place on the day he signed the petition, was clearly untimely. The petitioner's argument that he is entitled to equitable tolling of the limitations period based on a claim of actual innocence is without merit. "Section 2244 permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)). "The

'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y. for Dep't. of Corrections, 259 F.3d 1310, 1314-1315 (11th Cir. 2001).

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of January, 2006.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb