IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **RONNIE BROWN,** | : | |
| | : | |
|    **Petitioner,** | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 7:05-cv-56 (HL) |
| **JAMES CROSBY, Secretary of the** | : | |
| **Florida Department of Corrections, and** | : | |
| **THURBERT E. BAKER, Attorney** | : | |
| **General,** | : | |
| | : | |
|    **Respondents.** | | |

## ORDER

Before the Court is Petitioner's Motion for Relief from Judgment Obtained by Fraud (Doc. 21), in which Petitioner asks the Court to vacate his allegedly illegal state conviction and sentence. For reasons explained herein, Petitioner's motion is denied.

**I. FACTS**

Petitioner entered a guilty plea and was sentenced on a charge of burglary in the Superior Court of Cook County on August 22, 2000. Although Petitioner did not pursue a direct appeal, Petitioner filed a state habeas corpus petition on May 11, 2001. That petition was subsequently denied on June 23, 2003 and the Georgia Supreme Court refused to grant Petitioner's application for a certificate of probable cause to appeal on January 21, 2004. More than a year later Petitioner filed a federal habeas corpus petition in this Court. That petition was also subsequently denied as the petition was filed after the one-year statute of

limitation period, imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), had run. Petitioner then filed the motion that is currently before the court asking the Court to vacate his state conviction and sentence because it was allegedly obtained by fraud.

## II. ANALYSIS

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F. Ed 622, 624-25 (11th Cir. 1990) (citing Andrews v. United States, 373 U.S. 334, 83 S. Ct. 1236 (1963)). Therefore, although Petitioner does not specifically identify a legal basis for his motion, based on the title of the motion and the allegations contained therein, the Court determines that Petitioner is most likely attempting to utilize Federal Rule of Civil Procedure 60 to obtain relief from his conviction and sentence.

The Supreme Court of the United States recently addressed the potential conflicts between Rule 60 and the statute of limitations restrictions placed on habeas corpus petitions by the AEDPA caused when a petitioner files a motion under Rule 60 essentially challenging his or her underlying conviction. See Gonzales v. Crosby, 125 S. Ct. 2641, 2645-48 (2005). In Gonzales, the Court held that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new clam be dismissed unless it

relies on either a new rule of constitutional law or newly discovered facts." Id. at 2647. Nothing in Petitioner's motion suggests that the current claims before the Court are in any way based on a new rule of constitutional law or any newly discovered facts. Therefore, in accordance with Gonzales, Petitioner's motion is dismissed.

In the alternative, notwithstanding Gonzales, Rule 60 does not afford Petitioner relief from his state conviction and sentence. Rule 60(b) provides that a court may only relieve a party from a judgment or order for one of six reasons. These reasons are set forth in six separate provisions of the rule and are as follows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Proc. 60(b). Petitioner's claims of fraud clearly fall within the third provision.

Claims made under provisions one, two, and three of Rule 60(b) must be filed within one year of the judgment, order, or proceeding that is the subject of the claim. Fed. R. Civ. Proc. 60(b). Petitioner's motion seeks relief from his August 22, 2000 state conviction and sentence by alleging that the conviction was obtained fraudulently. Accordingly, Petitioner's claims of fraud asserted under the third provision of Rule 60(b) were due by August 22, 2001. Petitioner did not file the current motion until April 7, 2006 almost five years after the deadline set forth in Rule 60(b). Therefore, Petitioner's motion, insomuch as it seeks relief under the third provisions of Rule 60(b), is untimely.

## III. CONCLUSION

For the reasons explained herein, Petitioner's Motion for Relief from Judgment Obtained by Fraud (Doc. 21) is denied. Further, Petitioner's Motion to Compel (Doc. 22) is dismissed as moot.

**SO ORDERED**, this the 3rd day of May, 2006.

<u>**/s/ Hugh Lawson**</u>
**HUGH LAWSON, Judge**

scs